## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

AUTO OWNERS INSURANCE COMPANY,

       Plaintiff,

v.                                                           CASE NO.  4:08cv154-RH/WCS

TRIPLE P. CONSTRUCTION, INC.,
et al.,

       Defendants.

_____/

## ORDER DISMISSING SECOND AMENDED
## THIRD-PARTY COMPLAINT IN PART

This case arises from a construction project gone bad.  The parties are the

owner[1] and its principals,[2] the builder[3] and its principals,[4] and the surety who issued a bond to guarantee the builder's performance.[5]  When the project did not go forward in accordance with the construction contract, the surety incurred costs and called on the builder and its principals to post collateral in support of their obligation to indemnify the surety.  The builder and its principals did not post collateral as demanded.  The surety filed this action against them, seeking relief based on two written indemnity contracts.  The builder filed a third-party complaint, now twice amended, against the owner and its principals.  They have moved to dismiss.  I grant the motion in part.

The second amended third-party complaint is not a model of clarity.  It seems to assert a claim against the owner for breach of the construction contract, a claim based on the same breach against the principals on the theory that the

---

[1] The owner is alleged to be Shree Hari III, LLC.

[2] The owner's principals are alleged to be Narendra Bhakta, Gitaben Bhakta, Amesh Bhakta, and Shree Hari, Inc.

[3] The builder is alleged to be Triple P Construction, Inc.  Another corporation with a similar name, Triple P. Construction of Florida, Inc., also is a party to this action.  The distinction may become important on other issues, but it does not matter for purposes of this order.

[4] The builder's principals are alleged to be Timothy Branch, Judith Branch, Caryl Branch, Gloria Powell, and Donald Powell.

[5] The surety is Auto-Owners Insurance Company.

owner—a limited liability company—was not in fact formed prior to entry into the

contract, and a claim against the owner and its principals under the Racketeer

Influenced and Corrupt Organizations Act.

The Supreme Court recently set forth the standard governing motions to

dismiss:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and
> plain statement of the claim showing that the pleader is entitled to
> relief," in order to "give the defendant fair notice of what the . . .
> claim is and the grounds upon which it rests . . . ."  While a complaint
> attacked by a Rule 12(b)(6) motion to dismiss does not need detailed
> factual allegations, . . . a plaintiff's obligation to provide the
> "grounds" of his "entitle[ment] to relief" requires more than labels
> and conclusions, and a formulaic recitation of the elements of a cause
> of action will not do . . . .  Factual allegations must be enough to raise
> a right to relief above the speculative level, . . . on the assumption that
> all the allegations in the complaint are true (even if doubtful in
> fact) . . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. __, 127 S. Ct. 1955, 1964-65, 167 L. Ed.

2d 929 (2007) (quoting earlier authorities; citations omitted).

The breach-of-contract claim against the owner, while sketchy, is sufficient

to withstand a motion to dismiss.  Thus, for example, the claim includes an

allegation that the owner improperly failed to give the builder credit for a $15,000

purchase of granite.  The owner can learn the full parameters and limits of the

claim through discovery.  The builder should expect to serve prompt and

comprehensive answers to contention interrogatories or similar discovery requests;

it will not be permitted to hide the ball.

The breach-of-contract claim against the principals also is sufficient to withstand a motion to dismiss.  The third-party complaint alleges that the owner, Shree Hari III, LLC, was not in existence when the contract was entered.  The principals have submitted in support of their motion to dismiss copies of filings establishing that a different entity, Shree Hari, Inc., was in existence, but that of course is not the issue.  The claim against the principals may or may not ultimately succeed, but the claim cannot be dismissed on its face.

The result is different, however, with respect to the RICO claim.  The second amended third-party complaint alleges no facts at all that would support a RICO claim.  Fraud of course must be pled with particularity.  *See* Fed. R. Civ. P. 9(b); *United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310-11 (11th Cir. 2002) (setting forth Rule 9(b) standards and collecting authorities).  And even without a requirement of particularity, *Bell Atlantic* makes clear that a complaint must allege facts—not merely labels—that provide plausible support for a claim.

For these reasons,

IT IS ORDERED:

The third-party defendants' motion (document 98) to dismiss the second

amended third-party complaint is GRANTED IN PART.  The RICO claim is

dismissed.  The breach of contract claim remains pending.  I do *not* direct the entry

of judgment under Federal Rule of Civil Procedure 54(b).

SO ORDERED on October 10, 2008.

s/Robert L. Hinkle
Chief United States District Judge