# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

AUTO-OWNERS INSURANCE COMPANY,

    Plaintiff,

v.                                                      CASE NO. 4:08cv154-RH/WCS

TRIPLE P CONSTRUCTION, INC.,
et al.,

    Defendants.

_____/

## ORDER DISMISSING COUNTERCLAIMS

This case arises from a construction project gone bad. The parties include the builder[1] and its principals[2] and the surety who issued a bond to guarantee the builder's performance.[3] When the project did not go forward in accordance with the construction contract, the surety incurred costs and called on the builder and its principals to post collateral in support of their obligation to indemnify the surety.

---

[1] The builder is alleged to be Triple P Construction, Inc. Another corporation with a similar name, Triple P. Construction of Florida, Inc., also is a party to this action. The distinction may become important on other issues, but it does not matter for purposes of this order.

[2] The builder's principals are alleged to be Timothy Branch, Judith Branch, Caryl Branch, Gloria Powell, and Donald Powell.

[3] The surety is Auto-Owners Insurance Company.

*Page 2 of 3*

The builder and its principals did not post collateral as demanded. The surety filed this action against them, seeking relief based on two written indemnity contracts. The builder and some of its principals filed counterclaims against the surety. The surety has moved to dismiss the counterclaims. I grant the motion.

The Supreme Court recently set forth the standard governing motions to dismiss:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . ." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. __, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (quoting earlier authorities; citations omitted).

The counterclaims assert in substance only that the surety's claims against the builder and principals are "frivolous" and that the builder and principals thus are entitled to recover the attorney's fees and costs incurred in defending this lawsuit. If intended to assert a claim for malicious prosecution or abuse of process, the allegations fall far short. The counterclaims do not even include pertinent

*Case No: 4:08cv154-RH/WCS*

"labels and conclusions" or a "formulaic recitation of the elements" of such causes of action.  And the record already is sufficient to suggest that regardless of whether the surety ultimately prevails, its filing of this case was not an abuse of process or malicious prosecution.

If, however, the "counterclaims" are intended merely as a prayer for attorney's fees, then they are not properly denominated counterclaims at all.  A defendant who seeks an award of fees incurred in defending a lawsuit need only include a prayer for fees in its answer; it need not (and cannot properly) file a counterclaim for this purpose.

Accordingly,

IT IS ORDERED:

The plaintiff's motion (document 105) to dismiss the counterclaims (as included in documents 88, 89, 90, 91, and 92) is GRANTED.  The counterclaims are dismissed.  I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).  The defendants who asserted these counterclaims are deemed to have demanded an award of costs and attorney's fees in the event they prevail in their defense of the complaint.

SO ORDERED on October 10, 2008.

s/Robert L. Hinkle<br>
Chief United States District Judge