IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


AUTO-OWNERS INSURANCE COMPANY,

      Plaintiff,

v.                                      CASE NO. 4:08cv154-RH/WCS

TRIPLE P CONSTRUCTION, INC.,
et al.,

      Defendants.

_____/


## ORDER DISMISSING TRIPLE P'S CLAIMS AGAINST INGRAM


      This case arises from a construction project gone bad. The parties include the builder ("Triple P"[1]) and its principals, the surety who issued a bond to guarantee Triple P's performance, the owner and its principals, and many others who had a role in the project. When the project did not go forward in accordance with the construction contract, the surety incurred costs and called on Triple P and its principals to post collateral in support of their obligation to indemnify the

---

[1] The builder is alleged to be Triple P Construction, Inc. Another corporation with a similar name, Triple P. Construction of Florida, Inc., also is a party to this action. The distinction may become important on other issues, but it does not matter for purposes of this order. This order uses "Triple P" as a reference to both corporations.

surety.  Triple P and its principals did not post collateral as demanded.  The surety filed this action against them, seeking relief based on two written indemnity contracts.  Triple P and some of its principals filed counterclaims against the surety.

Triple P filed a third-party complaint against many others who had a role in the project.  Among them was The Ingram Group, LLC ("Ingram").  Ingram moved to dismiss the third-party complaint, asserting that Ingram was hired by the owner, not by Triple P, and that indeed Ingram was hired only after Triple P was off the job.  Ingram says it had no duty to Triple P.

In response, Triple P has made no contrary assertion.  In the third-party complaint, and even in response to the motion to dismiss, Triple P has not alleged what Ingram did, let alone what it did wrong.  Triple P has not alleged any fact that would create a duty running from Ingram to Triple P.  And Triple P has not alleged any fact that would support a finding that Ingram breached a duty to anyone.

Instead, Triple P says that Ingram had a duty to the owner, that the duty was similar to the duty Triple P had to the owner, and that the existence of similar duties is sufficient to allow Triple P to seek contribution or indemnification from Ingram.  Triple P says it is entitled to recover from Ingram for damage Ingram caused to the property.  Triple P does not say what that damage was or how Ingram caused or contributed to it.

Triple P's claim against Ingram does not survive the Supreme Court's decision earlier this week in *Ashcroft v. Iqbal*, No. 07-1015, 556 U.S. ___ (May 18, 2009). There the Court said that a district court should grant a motion to dismiss a complaint for failure to state a claim unless "the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (slip op., at 14) (emphasis added). And the Court limited the familiar rule that for purposes of a motion to dismiss for failure to state a claim, the allegations of a complaint must be accepted as true. The Court said:

> [T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, *supported by mere conclusory statements*, do not suffice. . . . [Federal] Rule [of Civil Procedure] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff *armed with nothing more than conclusions*.

*Id.* (slip op., at 14) (emphasis added).

Triple P comes to the battle with Ingram "armed with nothing more than conclusions." Indeed, Triple P is armed with particularly weak conclusions. If, as Ingram has said and Triple P has not denied, Ingram was hired only by the owner and only after Triple P was off the job, then Ingram is not liable to Triple P. If Triple P failed to perform its contract with the owner, then Triple P will be liable for the resulting damages—calculated without regard to any additional expense

incurred solely because Ingram later breached its own contract to perform work on the premises.  If, as Triple P seems to suggest, there was damage to the property caused by Ingram—damage that Triple P did not cause—then Triple P will not be liable for the damage at all.  Either way, Ingram owed no duty to Triple P and cannot be held liable to Triple P.[2]

For these reasons,

IT IS ORDERED:

Ingram's motion (document 300) to dismiss Triple P's claims against Ingram is GRANTED.  Triple P's claims against Ingram are dismissed.  I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).  Triple P may file a motion for leave to amend its third-party complaint against Ingram, but Triple P may do so only if the proposed amendment includes specific facts establishing a plausible basis for recovery.  A motion for leave must be filed by June 5, 2009.  A motion for leave must be accompanied by the proposed amended claim against Ingram but must not include the remainder of the third-party complaint.  The requirement of Local Rule 15.1 for tendering the entire amended

---

[2] This order reaches a different conclusion than preliminarily announced on the record of the April 16, 2009, status conference.  Even if the preliminary conclusion was correct under the law at that time—far from a certain proposition—*Iqbal* now makes clear that the motion to dismiss should be granted.

pleading is abrogated for the purpose of this amendment only.

  SO ORDERED on May 22, 2009.

                 s/Robert L. Hinkle
                 Chief United States District Judge