# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

AUTO-OWNERS INSURANCE COMPANY,

      Plaintiff,

v.                                                          CASE NO.  4:08cv154-RH/WCS

TRIPLE P CONSTRUCTION, INC.,
et al.,

      Defendants.

_____/

## ORDER DISMISSING TRIPLE P'S
## CLAIMS AGAINST MARIANNA GLASS

This case arises from a construction project gone bad.  The parties include the builder ("Triple P"[1]) and its principals, the surety who issued a bond to guarantee Triple P's performance, the owner and its principals, and many others who had a role in the project.  When the project did not go forward in accordance with the construction contract, the surety—Auto-Owners Insurance Company—incurred costs and called on Triple P and its principals to post

---

[1] The builder is alleged to be Triple P Construction, Inc.  Another corporation with a similar name, Triple P. Construction of Florida, Inc., also is a party to this action.  The distinction may become important on other issues, but it does not matter for purposes of this order.  This order uses "Triple P" as a reference to both corporations.

collateral in support of their obligation to indemnify Auto-Owners.  Triple P and its principals did not post collateral as demanded.  Auto-Owners filed this action against them, seeking relief based on two written indemnity contracts.  Triple P and some of its principals filed counterclaims against Auto-Owners.  Auto-Owners later amended its complaint to assert that Triple P and various others—including Marianna Glass, Inc.—failed to perform their various contractual obligations on the project.

Triple P filed a third-party complaint against many of the same parties Auto-Owners sued.  Among them was Marianna Glass.  Triple P denies that it breached its contract with the owner, but Triple P asserts that if it did—and if it is therefore held liable to Auto-Owners—then it is entitled to recover over from Marianna Glass for that part of the award attributable to Marianna Glass's failure to perform its obligations to Triple P.

Auto-Owners now has moved to voluntarily dismiss Triple P's claims against Marianna Glass.  Auto-Owners bases the motion on Federal Rule of Civil Procedure 41(a)(2), which allows the party who has asserted a claim to move for a court order dismissing the claim.  Auto-Owners says it has authority to act for Triple P based on a power of attorney.  Triple P opposes the motion.

The power of attorney is set forth in each indemnity agreement.  The power of attorney gives Auto-Owners "the ability to exercise all of the rights . . . set over

to Auto-Owners" in the indemnity agreement.  General Agreement of Indemnity at 2 ¶6.  The "rights . . . set over to Auto-Owners" include those in the section entitled, "SETTLEMENT OF CLAIMS."  That section gives Auto-Owners the exclusive right *in Triple P's name* to adjust or settle any claim or lawsuit "involving any Bond or to take whatever other action [Auto-Owners] may in its judgment, deem necessary, expedient or appropriate."  Id. at 1 ¶2.

The power of attorney and settlement provision together give Auto-Owners the right to dismiss Triple P's claim against Marianna Glass, precisely as Auto-Owners now seeks to do.  *See, e.g., Liberty Mut. Ins. Co. v. Aventura Eng'g & Constr. Co.*, 534 F. Supp. 2d 1290, 1306 (S.D. Fla. 2008) (recognizing a surety's authority to settle its principal's claims based on the indemnity agreement's power of attorney and settlement provisions).  Indeed, Auto-Owners' proposed course of conduct fits particularly well with the settlement provision.  Auto-Owners says Marianna Glass has insisted on the dismissal of Triple P's claims as a prerequisite to settling with Auto-Owners.  The settlement provision is intended to allow the surety to clear the underbrush for settlement in precisely this manner.

To be sure, the settlement provision allows Auto-Owners to adjust or settle a claim or lawsuit only if it "involv[es] any Bond."  That language perhaps also modifies the clause giving Auto-Owners the authority "to take whatever other action" Auto-Owners deems appropriate.  But this does not help Triple P.  All of

the claims in this lawsuit arose from this project and the surety bond that Auto-Owners issued to secure Triple P's performance.  Auto-Owners sued Triple P, Marianna Glass, and others because a claim was made against Auto-Owners *on the bond*.  Auto-Owners is pursuing recovery based on its rights *under the bond*.  And Triple P is seeking to recover over from others—including Marianna Glass—any amount Auto-Owners recovers from Triple P based on Auto-Owners' rights *under the bond*.  The assertion that these claims do not "involve" the bond is far wide of the mark.

In short, Auto-Owners has the right to act in Triple P's name to voluntarily dismiss Triple P's claims in this lawsuit against Marianna Glass.  Accordingly,

IT IS ORDERED:

Auto-Owners' motion (document 405) to voluntarily dismiss Triple P's claims against Marianna Glass, Inc., is GRANTED.  Triple P's claims against Marianna Glass are dismissed with prejudice.  I do not direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

SO ORDERED on May 23, 2009.

s/Robert L. Hinkle  
Chief United States District Judge

*Case No: 4:08cv154-RH/WCS*