IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


AUTO-OWNERS INSURANCE COMPANY,

      Plaintiff,

v.                                       CASE NO. 4:08cv154-RH/WCS

TRIPLE P CONSTRUCTION, INC.,
et al.,

      Defendants.

_____/

## ORDER DISMISSING TRIPLE P'S CLAIMS AGAINST MITCHELL

This case arises from a construction project gone bad. The parties include the builder ("Triple P"[1]) and its principals, the surety who issued a bond to guarantee Triple P's performance, the owner and its principals, and many others who had a role in the project. When the project did not go forward in accordance with the construction contract, the surety incurred costs and called on Triple P and its principals to post collateral in support of their obligation to indemnify the

---

[1] The builder is alleged to be Triple P Construction, Inc. Another corporation with a similar name, Triple P. Construction of Florida, Inc., also is a party to this action. The distinction may become important on other issues, but it does not matter for purposes of this order. This order uses "Triple P" as a reference to both corporations.

surety.  Triple P and its principals did not post collateral as demanded.  The surety filed this action against them, seeking relief based on two written indemnity contracts.  Triple P and some of its principals filed counterclaims against the surety.  The surety later amended its complaint to assert that Triple P and various others—including Mitchell Brothers, Inc. ("Mitchell")—failed to perform their various contractual obligations to the owner.

Triple P filed a third-party complaint against many of the same parties the surety sued.  Among them was Mitchell.  Mitchell moved to dismiss the third-party complaint, noting that the surety had dropped it claims against Mitchell.

In the third-party complaint, and even in response to the motion to dismiss, Triple P has not alleged what Mitchell did, let alone what it did wrong.  Triple P alleges:

> Should [the surety] prevail against Triple P based upon the allegations in the Complaint by [the surety] against Triple P that any defective or negligent work or products of Mitchell Brothers, Inc., constituted an act of default under the bonds, such a result would, of necessity, involve a finding by the trier of fact that the work performed by Mitchell Brothers, Inc., on behalf of Triple P was done in a negligent or unworkmanlike fashion.

Corrected Second Am. Compl. (document 161) at 34, ¶100.  Triple P added:

> [s]hould there be any negligence on the part of Triple P that caused or contributed to causing the damages sought by [the surety] in the Complaint, such negligence would be joint with the negligence of Mitchell Brothers, Inc. in connection with the performance by Mitchell Brothers, Inc. of the contractual duties imposed upon it under

the Subcontract Agreement.
Id. at 35, ¶103. Triple P says these allegations entitled it to indemnity or contribution from Mitchell Brothers.

The surety dropped its claim against Mitchell. And Triple P mislabeled its own claims against Mitchell as "contribution" and "indemnity"—the names that Florida law gives specific types of claim—rather than simply as a claim for breach of contract. But neither the dropping of the surety's claim nor the mislabeling of Triple P's own claims would preclude Triple P from recovering against Mitchell on a proper factual showing.

Even so, Triple P has fallen far short of stating a claim against Mitchell on which relief can be granted. Earlier this week, in *Ashcroft v. Iqbal*, No. 07-1015, 556 U.S. ___ (May 18, 2009), the Court said that a district court should grant a motion to dismiss a complaint for failure to state a claim unless "the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (slip op., at 14) (emphasis added). And the Court limited the familiar rule that for purposes of a motion to dismiss for failure to state a claim, the allegations of a complaint must be accepted as true. The Court said:

> [T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, *supported by*

>   *mere conclusory statements*, do not suffice. . . . [Federal] Rule [of
>   Civil Procedure] 8 marks a notable and generous departure from the
>   hyper-technical, code-pleading regime of a prior era, but it does not
>   unlock the doors of discovery for a plaintiff *armed with nothing more
>   than conclusions*.

*Id.* (slip op., at 14) (emphasis added).

Triple P comes to the battle with Mitchell "armed with nothing more than conclusions." Indeed, Triple P is armed with particularly weak conclusions. The centerpiece of Triple P's allegations against Mitchell is that the surety sought relief against Triple P based in part on Mitchell's failure to perform its obligations—but the surety now asserts no such thing. Mitchell's motion to dismiss must be granted because Triple P has not alleged facts showing that Mitchell failed to perform a contractual obligation.

For these reasons,

IT IS ORDERED:

Mitchell's motion (document 304) to dismiss Triple P's claim against Mitchell is GRANTED. Triple P's claims against Mitchell are dismissed. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b). Triple P may file a motion for leave to amend its third-party complaint against Mitchell, but Triple P may do so only if the proposed amendment includes specific facts establishing a plausible basis for recovery. A motion for leave must be filed by June 5, 2009. A motion for leave must be accompanied by the proposed amended

claim against Mitchell but must not include the remainder of the third-party complaint.  The requirement of Local Rule 15.1 for tendering the entire amended pleading is abrogated for the purpose of this amendment only.

    SO ORDERED on May 23, 2009.

                                            <u>s/Robert L. Hinkle</u>
                                            Chief United States District Judge