IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AUTO-OWNERS INSURANCE COMPANY,

      Plaintiff,

v.                                         CASE NO. 4:08cv154-RH/WCS

TRIPLE P CONSTRUCTION, INC.,
et al.,

      Defendants.

_____/

**ORDER DENYING BISHOP'S MOTION TO DISMISS**

This case arises from a construction project gone bad. The parties include the builder ("Triple P"[1]) and its principals, the surety who issued a bond to guarantee Triple P's performance, the owner and its principals, the architect ("Bishop"[2]), and many others who had a role in the project. When the project did

---

[1] The builder is alleged to be Triple P Construction, Inc. Another corporation with a similar name, Triple P. Construction of Florida, Inc., also is a party to this action. The distinction may become important on other issues, but it does not matter for purposes of this order. This order uses "Triple P" as a reference to both corporations.

[2] The architect apparently was Larry W. Bishop of Larry W. Bishop, Architect, P.A. This order uses "Bishop" to refer to either or both. Both are parties to the case. For present purposes, the distinction between the individual and his firm makes no difference.

not go forward in accordance with the construction contract, the surety incurred costs and called on Triple P and its principals to post collateral in support of their obligation to indemnify the surety. Triple P and its principals did not post collateral as demanded. The surety filed this action against them, seeking relief based on two written indemnity contracts. Triple P and some of its principals filed counterclaims against the surety. The surety later amended its complaint to assert that Triple P and various others—including Bishop[3]—failed to perform their various contractual obligations to the owner.

Triple P filed a third-party complaint against many of the same parties the surety sued. Among them was Bishop.[4] Bishop has moved to dismiss the third-party complaint. I deny the motion.

Florida law governs this diversity case. Under Florida law, a contractor may recover from an architect in tort for damages caused by the architect's negligent design of the project, even in the absence of contractual privity. *See, e.g., Moransais v. Heathman*, 744 So. 2d 973, 977, n.5 (Fla. 1999) ("This Court and other appellate courts of Florida have also expressly held that the fact that a professional engineer does not have contractual privity with the injured party does

---

[3] The surety named only the professional association, not the individual. *See* note 2 *supra*.

[4] Triple P named only the individual, not the professional association. *See* note 2 *supra*.

not necessarily relieve the engineer of his or her liability for any negligence committed while performing professional services."); *A.R. Moyer, Inc. v. Graham*, 285 So. 2d 397, 401-02 (Fla. 1973) ("The contractor hired by the client to build the structure, although not in privity with the architect, may recover from the architect any extra costs resulting from the architect's negligent plans.").  Triple P's claim that it suffered damages as a result of Bishop's negligent design of this project is sufficient to withstand the motion to dismiss.

Five contrary arguments do not change this conclusion.

First, Triple P has labeled its claim against Bishop as one for "contribution." The claim is properly denominated one for professional negligence.  But mislabeling ordinarily is not a basis for dismissing a claim, and Triple P's allegations are sufficient to cover professional negligence.  Thus Triple P seeks to recover for damage "that was the result of a defective or deficient design, or negligence in the performance of the site inspections performed by" Bishop. Corrected Second Am. Third-Party Compl. (document 161-2) at 12 of 36 ¶152.

Second, Bishop says Triple P's claim is barred by the economic loss rule. That is not so.  The economic loss rule ordinarily does not bar professional-negligence claims; to the contrary, the law imposes a duty on a professional separate and apart from any contractual obligation.  The principle is fully applicable to a builder's claim against an architect.  *See Hewett-Kier Constr., Inc.*

*v. Lemuel Ramos and Assocs., Inc.*, 775 So. 2d 373, 375 (Fla. 4th DCA 2000) ("the economic loss rule does not bar this type of action for purely economic losses where a special relationship . . . exists between the professional and the third party who is affected by the professional's negligent acts.") (internal citations omitted).

Third, Bishop says Florida has abolished joint and several liability. *See* Fla. Stat. § 768.81(3) (2008) ("In cases to which this section applies, the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability."). But even if the statute applies here, it would not support dismissal of Triple P's claims against Bishop. The statute leaves a party liable for its appropriate share of liability for damage caused by its negligence.

Fourth, Bishop notes it is being sued by both the surety and Triple P, apparently for the same damages. Bishop notes correctly that it cannot properly be held liable twice; any judgment against Bishop will be for only the damages it caused. But the question of whether Bishop ultimately will be held liable for that single amount of damages to the surety or to Triple P or jointly to both—or to neither—cannot properly be resolved on the motion to dismiss. It is sufficient for present purposes that Triple P has adequately alleged a basis for recovering against Bishop.

Finally, Triple P's specification of what Bishop did wrong is thin. Earlier

this week, in *Ashcroft v. Iqbal*, No. 07-1015, 556 U.S. ___ (May 18, 2009), the Court said that a district court should grant a motion to dismiss a complaint for failure to state a claim unless "the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (slip op., at 14) (emphasis added).  And the Court limited the familiar rule that for purposes of a motion to dismiss for failure to state a claim, the allegations of a complaint must be accepted as true.  The Court said:

> [T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, *supported by mere conclusory statements*, do not suffice. . . . [Federal] Rule [of Civil Procedure] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff *armed with nothing more than conclusions*.

*Id.* (slip op., at 14) (emphasis added).  It is far from clear that Triple P's allegations against Bishop, standing alone, would survive a motion to dismiss under *Iqbal*. But Triple P has been forthright in saying its first position is that neither it nor Bishop did anything wrong on this project.  Triple P is suing Bishop only because the surety sued Triple P and alleged deficiencies that Triple P says were caused by Bishop—if they occurred at all.  Under these circumstances, Triple P's allegations are sufficient.

For these reasons,

IT IS ORDERED:

Larry W. Bishop's motion (document 342) to dismiss the corrected second amended third-party complaint (document 161) is DENIED.

SO ORDERED on May 23, 2009.

s/Robert L. Hinkle
Chief United States District Judge
