# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

AUTO-OWNERS INSURANCE COMPANY,

      Plaintiff,

v.                                                                          CASE NO.  4:08cv154-RH/WCS

TRIPLE P CONSTRUCTION, INC.,
et al.,

      Defendants.

_____/


## ORDER GRANTING JUDGMENT ON THE PLEADINGS ON TRIPLE P'S CLAIMS AGAINST RENFROE

This case arises from a construction project gone bad.  The parties include the builder ("Triple P"[1]) and its principals, the surety who issued a bond to guarantee Triple P's performance, the owner and its principals, and many others who had a role in the project.  When the project did not go forward in accordance with the construction contract, the surety incurred costs and called on Triple P and its principals to post collateral in support of their obligation to indemnify the

---

[1] The builder is alleged to be Triple P Construction, Inc.  Another corporation with a similar name, Triple P. Construction of Florida, Inc., also is a party to this action.  The distinction may become important on other issues, but it does not matter for purposes of this order.  This order uses "Triple P" as a reference to both corporations.

surety.  Triple P and its principals did not post collateral as demanded.  The surety

filed this action against them, seeking relief based on two written indemnity

contracts.  Triple P and some of its principals filed counterclaims against the

surety.  The surety later amended its complaint to assert that Triple P and various

others—not including T. L. Renfroe, Inc. ("Renfroe")—failed to perform their

various contractual obligations to the owner.

   Triple P filed a third-party complaint against some of the same parties the

surety sued and against some parties—including Renfroe—that the surety did not

sue.  Renfroe has moved for judgment on the pleadings.

   In the third-party complaint, and even in response to the motion to dismiss,

Triple P has not alleged what Renfroe did, let alone what it did wrong.  Triple P

alleges:

> Should [the surety] prevail against Triple P based upon the allegations
> in the Complaint by [the surety] against Triple P that any defective or
> negligent work or products of T. L. Renfroe, Inc., constituted an act of
> default under the bonds, such a result would, of necessity, involve a
> finding by the trier of fact that the work performed by T. L. Renfroe,
> Inc., on behalf of Triple P was done in a negligent or unworkmanlike
> fashion.

Corrected Second Am. Compl. (document 161-2) at 34 of 36, ¶238.  Triple P

added:

> [s]hould there be any negligence on the part of Triple P that caused or
> contributed to causing the damages sought by [the surety] in the
> Complaint, such negligence would be joint with the negligence of T.

> L. Renfroe, Inc., in connection with the performance by T. L. Renfroe, Inc., of the contractual duties imposed upon it under the Subcontract Agreement.

Id. at 35 of 36, ¶241.  Triple P says these allegations entitle it to indemnity or contribution from Renfroe.

The surety has asserted no claim against Renfroe.  And Triple P mislabeled its own claims against Renfroe as "contribution" and "indemnity"—the names that Florida law gives specific types of claims—rather than simply as a claim for breach of contract.  But neither the absence of a claim by the surety nor the mislabeling of Triple P's own claims would preclude Triple P from recovering against Renfroe on a proper factual showing.

Even so, Triple P has fallen far short of stating a claim against Renfroe on which relief can be granted.  Earlier this week, in *Ashcroft v. Iqbal*, No. 07-1015, 556 U.S. ___ (May 18, 2009), the Court said that a district court should grant a motion to dismiss a complaint for failure to state a claim unless "the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (slip op., at 14) (emphasis added).  And the Court limited the familiar rule that for purposes of a motion to dismiss for failure to state a claim, the allegations of a complaint must be accepted as true.  The Court said:

> [T]he tenet that a court must accept as true all of the allegations

> contained in a complaint is inapplicable to legal conclusions.
> Threadbare recitals of the elements of a cause of action, *supported by
> mere conclusory statements*, do not suffice. . . . [Federal] Rule [of
> Civil Procedure] 8 marks a notable and generous departure from the
> hyper-technical, code-pleading regime of a prior era, but it does not
> unlock the doors of discovery for a plaintiff *armed with nothing more
> than conclusions.*

*Id.* (slip op., at 14) (emphasis added).

Triple P comes to the battle with Renfroe "armed with nothing more than conclusions."  Indeed, Triple P is armed with particularly weak conclusions.  The centerpiece of Triple P's allegations against Renfroe is that the surety is seeking relief against Triple P based in part on Renfroe's failure to perform its obligations.  But if the surety asserts deficient performance by Renfroe, it hasn't said so explicitly.

On a motion for judgment on the pleadings, as on a motion to dismiss, the court must "accept[] the facts in the complaint as true and view[] them in the light most favorable to the nonmoving party." *Horsley v. Feldt*, 304 F. 3d 1125, 1131 (11th Cir. 2002).  "Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Douglas Asphalt Co. v. Quore, Inc.*, 541 F. 3d 1269, 1273 (11th Cir. 2008).  The standard tracks that applicable to a motion to dismiss for failure to state a claim on which relief can be granted.  The *Iqbal* standard is fully applicable.

Renfroe's motion for judgment on the pleadings must be granted because

Triple P has not alleged facts showing that Renfroe failed to perform a contractual obligation.

For these reasons,

IT IS ORDERED:

Renfroe's motion for judgment on the pleadings on Triple P's claims against Renfroe (document 403) is GRANTED.  Triple P's claims against Renfroe are dismissed.  I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).  Triple P may file a motion for leave to amend its third-party complaint against Renfroe, but Triple P may do so only if the proposed amendment includes specific facts establishing a plausible basis for recovery.  A motion for leave must be filed by June 5, 2009.  A motion for leave must be accompanied by the proposed amended claim against Renfroe but must not include the remainder of the third-party complaint.  The requirement of Local Rule 15.1 for tendering the entire amended pleading is abrogated for the purpose of this amendment only.

SO ORDERED on May 23, 2009.

s/Robert L. Hinkle
Chief United States District Judge